NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA VIRGINIA LARA MORENO, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 23-1249 Agency No. A208-958-051 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2024**
Pasadena, California

Before: GRABER, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Maria Virginia Lara Moreno is a citizen of Mexico. She petitions for review

of a decision of the Board of Immigration Appeals ("BIA") denying her motion to

reopen proceedings because of changed country conditions in Mexico. We review

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the BIA's denial of a motion to reopen for abuse of discretion, and we defer to the BIA's exercise of discretion "unless it acted arbitrarily, irrationally, or contrary to law." *Reyes-Corado v. Garland*, 76 F.4th 1256, 1259 (9th Cir. 2023) (citation omitted). We have jurisdiction under 8 U.S.C. Section 1252(a), and we deny the petition.

To prevail, Moreno must, among other things, "(1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; [and] (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings." *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017). The new evidence must be "qualitatively different" from the evidence presented at the previous hearing. *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004).

Moreno's newly submitted evidence consists of her declaration from 2021 alleging sexual abuse by her stepfather, a 2019 news article, and a 2019 country conditions report. The 2019 country conditions report does not differ qualitatively from the reports Moreno offered at her merits hearing. Moreno's 2021 declaration is duplicative of her 2016 declaration—both declarations recount sexual abuse by Moreno's stepfather. Finally, Moreno has not shown that the information offered in the 2019 news article was previously unavailable or qualitatively different from the

evidence presented at the merits hearing. Accordingly, the BIA did not abuse its discretion by denying the motion to reopen.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.